UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

  v.          Case No. 22-CR-150

LANDON J. NOW,

    Defendant.

## ORDER AND RECOMMENDATION

Landon J. Now allegedly received an AR-15 rifle when a felony information was pending against him in state court. (ECF No. 1 at 1 (Count One).) In connection with his purchase of that firearm, he allegedly falsely stated on the ATF Form 4473 that "he was not then under indictment for a crime punishable by imprisonment for a term exceeding one year." (ECF No. 1 at 2 (Count Two).)

Now has moved to dismiss the indictment, arguing that the evidence provided does not support the conclusion that he ever possessed the AR-15. (ECF No. 12 at 1.) He asserts that the evidence shows that, while he arranged to have the firearm shipped to a firearms dealer, he never possessed the firearm. (ECF No. 12 at 2.) In fact, he was merely assisting his father in purchasing the firearm and did so by allowing his father to use

his old gun auction account. (ECF No. 12 at 2.) When the dealer stated it was necessary to put Now's name on the paperwork, Now completed the paperwork, accurately stating that he was presently charged with a felony. (ECF No. 12 at 2.) But the dealer instructed Now to cross out that he was facing a felony charge. (ECF No. 12 at 3-4.) Because the false statement that forms the basis for Count Two was made pursuant to the instructions of the firearms dealer, the dealer could not have been misled. (ECF No. 12 at 5.) Alternatively, Now seeks a bill of particulars.

The government responds that Now is legally incorrect when he asserts that the government must prove that Now actually possessed the AR-15. (ECF No. 14 at 1.) Rather, the offense requires only that Now "did willfully receive" a firearm while under indictment.[1] In any event, in response to Now's motion investigators conducted a follow-up interview with the firearms dealer, who reported that, after the transaction was complete, Now grabbed the firearm and left the store carrying it, while his father left the store empty-handed. (ECF No. 14 at 2.)

In reply, Now acknowledges that, in light of this additional information, dismissal of Count One is not appropriate. (ECF No. 16 at 1.) But Now "continues to move for a bill of particulars, an amendment of the indictment, or clarification by the

---

[1] Now was charged by way of an information in state court. As used in 18 U.S.C. § 922(n), "indictment" includes an information. 18 U.S.C. § 921(a)(14); *see also United States v. Khatib*, No. 12-CR-190, 2012 U.S. Dist. LEXIS 173143, at *1 n.1 (E.D. Wis. Dec. 6, 2012).

government as to what specific element of federal law the Defendant is alleged to have violated (i.e., receipt or possession)." (ECF No. 16 at 1.)

Now's argument regarding Count One is based on a misunderstanding of the law. "Possession" is not an element of 18 U.S.C. § 922(n). *United States v. Khatib*, No. 12-CR-190, 2012 U.S. Dist. LEXIS 173143, at *7 (E.D. Wis. Dec. 6, 2012). An indictment that alleges that a person unlawfully possessed a firearm while under indictment would not state a violation of 18 U.S.C. § 922(n). The statute states that "[i]t shall be unlawful for any person who is under indictment for a crime punishable by imprisonment for a term exceeding one year to…receive any firearm…which has been shipped or transported in interstate or foreign commerce." The indictment is very clear that it alleges that Now "did willfully receive" a firearm while under indictment. (ECF No. 1 at 1.)

As to Count Two, Now acknowledges that a dispute may exist as to how involved the firearms dealer was in the changes Now made to the ATF Form 4473. (ECF No. 16 at 2.) He also acknowledges that, in light of the decision of the Court of Appeals for the Seventh Circuit in *United States. v. Howell*, 37 F.3d 1197, 1206 (7th Cir. 1994), that a federally licensed firearms dealer is not a government official, he does not have a valid entrapment defense (although he seeks to preserve the issue for appeal). Nonetheless, he argues that dismissal is appropriate because the dealer told a defense investigator that Now commented that the state charges were going to be dismissed—evidencing that the dealer was not deceived and knew Now was facing felony charges in state

court. (ECF No. 16 at 2.) Now's argument is, in effect, that a buyer can lie on ATF Form 4473 as long as he tells the dealer that the information on the form is not true.

> It is unlawful
>
> for any person in connection with the acquisition or attempted acquisition of any firearm … from a … licensed dealer … knowingly to make any false or fictitious oral or written statement … intended or likely to deceive such … dealer … with respect to any fact material to the lawfulness of the sale or other disposition of such firearm … under the provisions of this chapter.

18 U.S.C. § 922(a)(6). Now's allegedly false statement on ATF Form 4473 that he was not under indictment for a felony is sufficient to sustain Count Two of the indictment. It will be up to the jury to decide whether that statement was intended or likely to deceive the dealer with respect to any fact material to the lawfulness of the sale.

As to whether a bill of particulars under Fed. R. Crim. P. 7(f) is necessary regarding Count Two, the standard "is whether the government's indictment sufficiently apprises the defendant of the charges to enable him to prepare for trial." *United States v. Canino*, 949 F.2d 928, 949 (7th Cir. 1991). The indictment is clear and explicit. The false statement Now allegedly made is that he was not under indictment for an offense punishable by more than year in prison. (ECF No. 1 at 2.) There is no basis for ordering the government to provide a bill of particulars.

**IT IS THEREFORE RECOMMENDED** that Now's motion to dismiss the indictment (ECF No. 12) be **denied**.

**IT IS FURTHER ORDERED** that Now's alternative motion for a bill of particulars (ECF No. 12) is **denied**.

**IT IS FURTHER ORDERED** that, in accordance with 28 U.S.C. § 636(b)(1)(B) and (C) and Fed. R. Crim. P. 59(b)(2), any written objection to any recommendation herein or part thereof shall be filed within fourteen days of service of this recommendation or prior to the Final Pretrial Conference, whichever is earlier. Failure to timely object waives a party's right to review.

Dated at Milwaukee, Wisconsin this 13th day of September, 2022.

_William E. Duffin_
WILLIAM E. DUFFIN
U.S. Magistrate Judge